IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS W. DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIO A. NEVAREZ and<br>SWIFT TRANSPORTATION CO., INC.,<br>a Nevada corporation,<br><br>    Defendants. | Case No. 3:07-CV-00427-EJL-LMB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently before the Court is Plaintiff's Motion for Sanctions against Defendant Mario Nevarez (Docket No. 78).[1]  Having carefully reviewed the record, considered oral arguments, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order on Plaintiff's Motion for Sanctions.

## BACKGROUND

Plaintiff Douglas Davis brings this action against Defendant Mario Nevarez ("Nevarez"), and his former employer, Defendant Swift Transportation Co., Inc. ("Swift"), seeking to recover

---

[1] Also pending is Plaintiff's Motion to Amend the complaint to add punitive damages and Defendant's Motion to Strike, which the Court took under advisement along with the motion for sanctions.  A separate order on the motions to amend and to strike will be forthcoming separately.

MEMORANDUM DECISION AND ORDER - 1

damages for injuries he sustained from an accident involving a Swift tractor-trailer driven by Nevarez. Defendants dispute liability.

According to the parties' submissions and the record before the Court, Nevarez has a history of mental illness diagnoses, in-patient admissions and drug and/or alcohol rehabilitation treatment. In January of this year, he was receiving out-patient treatment and case management services from the El Paso Mental Health and Retardation facility following a period of in-patient treatment. Nevarez has not been in communication with his attorneys since early on in this litigation.

Nevarez initially failed to respond to all discovery attempts by Plaintiff. Plaintiff served three formal discovery requests on Nevarez between November 2006 and December 2007.[2] Nevarez failed to respond or object to any of the requests. Plaintiff filed a Motion to Compel Nevarez's responses which the Court granted in its entirety. See *Order* 7/3/08, (Docket No. 44). By separate order, the Court ordered Nevarez's to provide his responses on or before July 28, 2008. See *Order* 7/17/08, (Docket No. 50).

Nevarez served his responses to all three formal discovery requests on August 8, 2008. See *Affidavit of Andrew M. Chasen in Support of Plaintiff's Motion for Sanctions Against Defendant Mario Nevarez*, Exh. Nos. 1 - 3. Plaintiff argues that Nevarez's responses were incomplete and not verified. Defense counsel provided the responses without contacting their client. Defense counsel filed a "Supplemental Response" to the formal requests setting forth

---

[2]Plaintiff served Plaintiff's First Request for Production of Documents on November 20, 2006, First Set of Interrogatories and Second Set of Requests for Production of Documents on February 7, 2007 and Third Set of Requests for Production of Documents on December 21, 2007.

their efforts to locate and contact Nevarez. *See id.*, Exh. 4, (Docket No. 80-5).  Defense counsel explained that a private investigator determined that Nevarez was hospitalized at the El Paso Mental Health & Mental Retardation facility. *Id.*

Defense counsel's requested an order directing the mental health facility to provide certain information and access to Nevarez, which this Court granted in part to facilitate communication between counsel and Nevarez.  See *Order 11/25/08*, (Docket No. 69).  Although the facility confirmed Nevarez's location and then out-patient treatment, he was not cooperative in counsels' attempts at contacting him by telephone.

Plaintiff noticed Nevarez's deposition for January 7, 2009, which was a date agreed upon by defense counsel.  Due to the inability to communicate with their client still yet, however, defense counsel filed a protective order to suspend Nevarez's deposition until counsel were able to communicate with their client.  The Court denied the motion and ordered that the deposition continue as initially agreed upon and scheduled in El Paso, Texas.

Defense counsel met with Nevarez the day prior to the deposition when he came into the mental health clinic, but Nevarez failed to attend the deposition the following day.  Defense counsel went so far as to travel to Nevarez's residence to determine his whereabouts and attempt to secure his attendance both the day of and the day following the scheduled deposition.  Despite their exhaustive efforts, defense counsel were unable to locate their client and entered a notice of non-appearance on the deposition record.

Upon returning from the unsuccessful attempt to depose Nevarez, Plaintiff filed the pending motions for sanctions against him.  Plaintiff requests an award of sanctions for

MEMORANDUM DECISION AND ORDER - 3

Nevarez's continued failure to respond to the formal discovery requests in violation of the Court's Order of 7/3/08 and an award of costs for his failure to appear for his deposition.

## STANDARD OF LAW

Plaintiff moves the Court for sanctions against Nevarez pursuant to Fed. R. Civ. P. 37(b) & (d). Section (b) of the Rule provides that when a party that fails to comply with a Court's order of discovery, the court may issue "further just orders" which may include:

> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i) - (vii). The rule also allows the Court to impose reasonable expenses, including attorney's fees, caused by the failure to comply with the discovery order unless the failure is substantially justified or otherwise unjust. Fed. R. Civ. P. 37(b)(2)(C).

Section (d) of the Rule provides for sanctions where a party fails to appear for its own deposition, or fails to respond to certain formal discovery including interrogatories. The party seeking sanctions must certify that it has "in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Awardable sanctions include those listed under section (b) discussed above, and an order for "either the party, or the attorney advising that party, or both to pay the

MEMORANDUM DECISION AND ORDER - 4

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Whether to impose a sanction under Rule 37 is a matter of the Court's discretion considering the Rule's purpose to deter discovery abuses and promote full and efficient discovery. *See Marchand v. Mercy Medical Center*, 22 F.3d 933 (9th Cir. 1994).

## ANALYSIS

The specific discovery requests to which Nevarez failed to respond appear to pertain generally to the following areas:

- statements by Nevarez regarding the issues in the litigation;

- communications between Swift and Nevarez;

- documents related to discipline or consequences of Nevarez throughout his employment, and specifically after or related to the accident;

- Nevarez's vehicular accident and/or citation or conviction history;

- Nevarez's safety violation history and procedures, rules and regulations that pertain to Nevarez;

- Nevarez's version of the circumstances of the accident;

- procedures or systems in place to ensure Nevarez complied with applicable safety standards;

- results of any drug testing on Nevarez following the accident;

- health care records from 1996 through present;

- benefits payment history from 1996.

MEMORANDUM DECISION AND ORDER - 5

With few exceptions of minimal information that his defense counsel obtained through other sources, Nevarez provided no discovery in response to the requests for the above information.

As a consequence, Plaintiff seeks three forms of sanctions. First, Plaintiff requests the Court establish certain facts as uncontested in this litigation. Those facts include, for examples, Nevarez's speed at the time of the accident, Plaintiff's version of the accident, the cause of the accident, that the accident caused injury to plaintiff, that Nevarez suffers from a severe psychiatric illness that impaired his ability to operate a commercial motor vehicle when Swift hired him, though-out his employment and at the time of the accident, that Nevarez's psychiatric condition caused the accident and his treating physician.

The Court finds that Plaintiff's first request is not supported by the record. Plaintiff is essentially asking the Court to determine as a matter of law all of the facts that would entitle Plaintiff to judgment in his favor based on Nevarez's failure to defend in this litigation. There is evidence, however, that much of the information Plaintiff did not get from Nevarez in discovery was available through Defendant Swift and other relevant fact and expert witnesses. Plaintiff does not contend that Swift has failed to respond to discovery. Accordingly, for the most part, Plaintiff has not been prejudiced by Nevarez's failure to respond to the discovery.[3]

The flexibility that Rule 37 affords a court in determining an appropriate sanction for discovery abuses eliminates the need for Plaintiff to establish that conduct is "willful." *See* Rule 37, Advisory Committee Notes, 1970 Amend., sub. (d). However, the sanction must "fit the

---

[3]The exception may be in the case of Nevarez's personal recount of relevant circumstances including, for example, other incidents of his driving witnessed by other drivers and his medical history. These are addressed specifically below.

MEMORANDUM DECISION AND ORDER - 6

crime," so to speak. After careful consideration of all of the circumstances, this Court does not believe this is the type of case, or that the totality of the circumstances existing here, warrants such a severe sanction. Establishing the facts that Plaintiff requests would all but eliminate the possibility of a defense. The Court concludes this particular sanction is not justified and would have little deterrent effect because of the unique circumstances presented here.

Second, Plaintiff asks the Court to prevent Nevarez from offering any testimony that would contradict the testimony of several witnesses, the content of certain documents, the fact that he was under the influence of illegal drugs or substances at the time of the accident at issue, or that a certain doctor was his treating physician at the time he was hired. Defendants argue that precluding Nevarez's exculpatory testimony is over broad, and seemingly suggest that Nevarez would be called to testify to his version of the story despite having evaded discovery entirely. Defendants argue that it would be unfair to allow the jury to hear only one side of the controversy which is not justified by the magnitude of the discovery violations in this case.

The Court disagrees, and cannot allow the scales of justice to tip to such an extent that Plaintiff is unfairly prejudiced by Nevarez's failure to produce relevant evidence. The Court if of the opinion that it is entirely appropriate and justified to strictly limit any testimony or statements by Nevarez personally, either offered at trial directly or relied upon, to those statements that have been produced in discovery.[4]

---

[4]To the extent that Plaintiff requests Nevarez be precluded from testifying at all, the Court declines the request. Under the facts known to the Court at this time, however, Nevarez's testimony would be so limited that the parties may wish to stipulate to submitting the documents provided in discovery that contain his prior statements rather than his live testimony.

MEMORANDUM DECISION AND ORDER - 7

Finally, Plaintiff requests an award of costs against Nevarez for his failure to attend his deposition in El Paso, Texas and for preparing the Motion for Sanctions.  As for the failure to attend the deposition, Rule 37(d) requires that the Court award reasonable expenses incurred as a result of a party's failure to attend its own deposition unless the Court finds that the failure was substantially justified, or some other reason that the award would be unjust.  On the state of the record, it is unknown why Nevarez's failed to appear for his deposition and whether his failure to appear was substantially justified.  Accordingly, the Court may not conclude that Nevarez's failure to appear was substantially justified and does not find other circumstances that would render the imposition otherwise unjust.  *See Metrocorps, Inc. v. Eastern Massachusetts Jr. Drum & Bugle Corps Ass'n*, 912 F.2d 1 (1st Cir. 1990) (holding it is error to deny sanctions for attorney's fees without finding of substantial justification or that award would be unjust).  The Court grants Plaintiff's request for reasonable expenses and fees incurred related to the deposition.

Plaintiff asserts through counsel that he incurred $6,294.75 in "services, time spent, and out-of-pocket costs" in relation to Nevarez's deposition.  Plaintiff includes half of all travel time, a full 8-hour day of "out of office" time, half of the hotel, parking and airfare incurred for the trip, the court reporter fee for that day and attorney's fees in bringing the Motion for Sanctions.  The record establishes that Plaintiff's counsel spent two and one half hours on January 7 and another hour on January 8 attempting to conduct Nevarez's deposition.  *See Chasen Affid.* Exh. 5 (Docket No. 80 - 6).   Plaintiff's counsel "lost" the remaining part of the workday on January 7.  Accordingly, the Court finds that the eight hours of attorney time Plaintiff's counsel requests is a reasonable expense caused by Nevarez's failure to attend his deposition.

MEMORANDUM DECISION AND ORDER - 8

Next, the Court considers Plaintiff's request for travel time, airfare and hotel. Plaintiff requests half of the total travel expense. The Court finds that half of the total expense was not incurred "as a result of" the deposition and awards only part of the expenses requested. *See Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381 (9th Cir. 1988) (abuse of discretion to award costs and fees not caused by failure to obey court order); *Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc.,* 212 F.R.D. 94 (E.D. N.Y. 2002) (denying request for fees for attorney time and costs that would have been incurred in the course of normal discovery). Plaintiff's counsel traveled to Texas to conduct two depositions, one scheduled for January 7 and another for January 8. Whether Plaintiff deposed one or two deponents, he would have incurred the airfare and the travel time expenses. The additional expense caused by Nevarez's deposition would be the additional hotel expense. The Court finds that Nevarez's deposition caused one additional day of hotel expense as opposed to one-half of the total hotel expense.

In light of the foregoing, Plaintiff will be awarded the following fees and costs incurred as a result of Nevarez's failure to attend his deposition:

```
Fees:
1/5/09      Preparation for Nevarez deposition          3.0
1/6/09      ½ travel and preparation for deposition     4.0
1/7/09      Attendance at Nevarez deposition            8.0
                                                       15.0 @ $200/hour = $3,000

Expenses:
            Court reporter                              99.00
            Hotel                                      142.00
            Parking                                     20.50
                                                       261.50
```

MEMORANDUM DECISION AND ORDER - 9

Plaintiff will be awarded $3, 261.50 in expenses caused by Nevarez's failure to attend his deposition.

Lastly, the Court reviews the attorney time Plaintiff requests in bringing the Motion for Sanctions.  Plaintiff claims that he spent 10.5 hours in attorney time for research and writing related to filing the Motion for Sanctions.  Defendants do not dispute that the time spent or fee charged is unreasonable.  Accordingly, the Court will award Plaintiff $2,100 in expenses related to filing the Motion for Sanctions, for a total award of $5,361.50.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' Motion for Sanctions against Defendant Nevarez in the following respects: (1) Defendant Nevarez is precluded from offering any testimony at trial as to any matters in which Nevarez failed to produce discovery; Nevarez's testimony, or any of his statements relied upon by any other witness, shall be strictly limited to only those statements produced in discovery; and (2) Plaintiff is awarded expenses related to taking Mr. Nevarez's deposition and in filing the motion for sanctions in the total amount of $5,3612.50.  The Motion is denied in all other respects.

## ORDER

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (Docket No. 78) is GRANTED in part and DENIED in part consistent with the Memorandum Decision above;

IT IS FURTHER ORDERED that Plaintiff is awarded sanctions against Defendant

MEMORANDUM DECISION AND ORDER - 10

Nevarez in the amount of $5,3612.50.



DATED:  **May 22, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 11